Casey, C. J.,
delivered the opinion of the Court.
This is a suit by the claimants to recover from the United States the sum of seven thousand four hundred and thirty dollars, alleged to have been illegally exacted from them in the shape of duties upon certain liquors imported by them into the United States during the years from 1847 to 1851, both inclusive. It is alleged that the duty was assessed upon the liquors as invoiced in the country from whence they were imported, without regard to. the leakage that occurred and the evaporation that took place on the voyage, as shown by the official gauge of the liquors taken at the custom-house.
They further alleged that the duty was only properly chargeable upon so much as was actually imported into the country, as was decided by the Supreme Court of the United States in the cases of Marriott v. Brune et al., 9 How., 619; United States v. Southmayd et al., 9 How., 637, and other cases.
The petition in this case does not set forth that the claimant made the protest required by the act of 86th of February, 1845, nor that they objected in any manner to the payment of these duties at the time. And for these reasons the solicitor for the United States de *71 murs, alleging the want of such protest, and that the payment was a voluntary one under a mutual mistake of law, and therefore irrecoverable. In principle this case is identical with that of Barthold, Sehlessinger & Co., decided at the present term. In that case we held the want of the protest prescribed by the act of 26th of February, 1845, as fatal to the claimants’ right to recover. We also decided that the payment was a voluntary one under a mutual mistake of law, and therefore, under the express decision of the Supreme Court of the United States, could not be recovered back. That case rules the present. We therefore sustain the demurrer, and dismiss the petition.
Mr. J.-J. Coombs and Mr. M. V. B. Wilcoxson for the claimants.
Mr. J. D. McPherson for the government.
Loring, J.:
I am of opinion that as this case arises under the revenue laws, this court has not jurisdiction of it, for the reasons set forth in my opinion in the case of Schlesinger et als. v. The United States.